UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, GREGG SMITH, in His Capacity as Business Manager of PAINTERS DISTRICT COUNCIL NO. 58, ST. LOUIS PAINTERS PENSION TRUST, ST. LOUIS PAINTERS WELFARE TRUST, ST. LOUIS PAINTERS VACATION TRUST, and PAINTERS DISTRICT COUNCIL NO. 2 APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST, By and through GREGG SMITH, DAVID DOERR, RICH LUCKS, WILLIAM BOEVINGLOH, CARL FARRELL, DONALD THOMAS, DANIEL WIENSTROER, MICHAEL SMITH, WALTER BAZAN JR., STEVE PHILLIPP, JR., MARK BORGMANN, DANE MCGRAW, JOSEPH KEIPP, TIM WEIS and FRED PHILLIP, JR., in Their Representative Capacities as Trustees, | ) ) ) ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| B&C Painting, Inc, | ) ) |
| Defendant. | ) ) |

**COMPLAINT**
**COUNT I – B&C PAINTING, INC**

COME NOW Plaintiffs, and for their cause of action against B&C Painting, Inc. (hereinafter "B&C Painting"), state as follows:

1. Jurisdiction of this cause of action and the parties is conferred by §§ (a), (b) and (c) of § 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. § 185 and by §§ 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(e)(1) and (f).

2. Venue in this Court is appropriate by virtue of § 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2).

3.	Painters District Council No. 58 (f/k/a Painters District Council No. 2 and hereinafter "Painters") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of § 301 of the LMRA, 29 U.S.C. §185, and is an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. §1002(4).

4.	Painters maintains its principal offices within this judicial district at 2501 59th Street, St. Louis, Missouri 63110.

5.	The St. Louis Painters Pension Trust (f/k/a Painters District Council No. 2 Pension Trust and hereinafter "Pension Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

6.	The Pension Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

7.	The Pension Trust is administered at 13801 Riverport, Maryland Heights, St. Louis County, Missouri 63043.

8.	Plaintiffs Gregg Smith, Carl Farrell, Rich Lucks, Daniel Wienstroer, Tim Wies and Fred Philipp, Jr. constitute the Joint Board of Trustees of the Pension Trust ("Pension Trustees").

9.	The Pension Trustees are the Plan Sponsor of the Pension Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

10.	The Pension Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Pension Trust.

11.	The St. Louis Painters Welfare Trust (f/k/a Painters District Council No. 2 Welfare Trust and hereinafter "Welfare Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

12. The Welfare Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

13. The Welfare Trust is administered at 13801 Riverport, Maryland Heights, St. Louis County, Missouri 63043.

14. Plaintiffs Gregg Smith, William Boevingloh, Carl Farrell, Walter Bazan Jr., Michael Smith and Don Thomas constitute the Joint Board of Trustees of the Welfare Trust ("Welfare Trustees").

15. The Welfare Trustees are the Plan Sponsor of the Welfare Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

16. The Welfare Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Welfare Trust.

17. The St. Louis Painters Vacation Trust (f/k/a Painters District Council No. 2 Vacation Trust and hereinafter "Vacation Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

18. The Vacation Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

19. The Vacation Trust is administered at 13801 Riverport, Maryland Heights, St. Louis County, Missouri 63043.

20. Plaintiffs Gregg Smith, David Doerr, Carl Farrell, Mark Borgmann, Steven Philipp, Jr., and Joseph Keipp constitute the Joint Board of Trustees of the Vacation Trust ("Vacation Trustees").

21. The Vacation Trustees are the Plan Sponsor of the Vacation Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

22. The Vacation Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Vacation Trust.

23. The Painters District Council No. 2 Apprenticeship and Journeyman Training Trust (hereinafter "Apprenticeship Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

24. The Apprenticeship Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

25. The Apprenticeship Trust is administered at 18036 Eads Avenue, Chesterfield, Missouri 63005.

26. Plaintiffs Gregg Smith, Michael Smith, Joseph Keipp, Carl Farrell, Dane McGraw and William Boevingloh constitute the Joint Board of Trustees of the Apprenticeship Trust ("Apprenticeship Trustees").

27. The Apprenticeship Trustees are the Plan Sponsor of the Apprenticeship Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

28. The Apprenticeship Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Apprenticeship Trust.

29. At all times relevant herein, B&C Painting did business within the State of Missouri.

30. B&C Painting is an employer within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and within the meaning of §§ 3(5) and 515 of ERISA, 29 U.S.C. 1002(5) and 1145.

31. B&C Painting is signatory to and/or bound by a Collective Bargaining Agreement (hereinafter "CBA") with the Painters.

32. The CBA states B&C Painting is to submit fringe benefits, dues remissions, contributions and reports that evidence each hour worked by its bargaining unit employees at the rate and manner specified in the CBA and Trust documents.

33. The CBA states B&C Painting is to make weekly reports and contributions on all bargaining unit employees in its employ showing the number of hours worked and contributions due on its bargaining unit employees at the rate and manner specified in the CBA and Trust documents

34. The CBA states B&C Painting is to contribute on a weekly basis to the Trusts a specified amount per hour worked as bargaining unit employees work.

35. The CBA states B&C Painting is to remit Union dues to the Painters.

36. The CBA specifically incorporates Trusts and the Trustees which are also third party beneficiaries of the CBA.

37. The CBA binds B&C Painting to the St. Louis Painters Pension Trust and Plan Agreement (hereinafter "Pension Agreement").

38. The CBA binds B&C Painting the St. Louis Painters Welfare Trust Agreement (hereinafter "Welfare Agreement").

39. The CBA binds B&C Painting to the St. Louis Painters Vacation Plan and Trust Agreement (hereinafter "Vacation Agreement").

40. The CBA binds B&C Painting to the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust Agreement (hereinafter "Apprenticeship Agreement").

41. Article XXII of the Pension Agreement provides in part, "The Trustees shall further have the right to audit the books of a participating employer when such is deemed necessary or desirable for the effective administration of the Trust."

42. Article XXI of the Welfare Agreement provides in part:

> The Trustees shall have the authority to reasonably request of any Employer, and an Employer, when so reasonably requested, shall furnish to the Trustees such information, documents and reports as may be necessary in the performance of their duties under this Agreement and Declaration of Trust.

43. Article XV of the Vacation Agreement provides in relevant part:

> The Trustees shall have the authority to reasonably request of any Employer, and an Employer when so reasonably requested shall furnish to the Trustees, such information and reports as may be necessary in the performance of their duties under this Plan and Trust Agreement.

44. Article V, § 4, of the Apprenticeship Agreement provides in part as follows:

> The Board of Trustees, or any authorized agent or representative of the Trustees, shall have the right, at all reasonable times during business hours, to enter upon the premises of any Employer obligated to contribute to the Fund and to examine and copy such of the books, records, paper and reports of said Employer as may be necessary to determine the hours of work done and places where done by any employees and to permit the Trustees to determine whether said Employer is making payment to the Trust of the amount required by the Collective Bargaining Agreement with said Employer.

45. B&C Painting has not filed reports evidencing all hours worked.

46. B&C Painting has not made all the required contributions and dues remissions.

47. § 4 of the CBA and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) make B&C Painting liable to Plaintiffs for all unpaid principal amounts.

48. § 4 of the CBA and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), make B&C Painting liable for liquidated damages and interest on unpaid principal amounts.

49. § 4 of the Agreement, § 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the Plan and Trust agreements referred to above, make B&C Painting liable for liquidated damages and interest on amounts it has paid and may pay in an untimely manner.

50. § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), make B&C Painting liable to pay to Plaintiffs the reasonable attorneys' fees, accounting fees and costs incurred by Plaintiffs in connection with this action.

51. B&C Painting breached the CBA and violated § 515 of ERISA, 29 U.S.C. § 1145, and breached the described Plan and Trust Agreements, causing and continuing to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

WHEREFORE, Plaintiffs pray:

(a) This Court enter a preliminary injunction requiring B&C Painting to submit any reports and payments that may become due after the date of such injunction within seven (7) days after each weekly payroll date;

(b) This Court order B&C Painting to submit all of its books and records to an audit so that Plaintiffs may determine the precise amount of its delinquencies, all in accordance with the Agreement;

(c) This Court enter its judgment and decree against B&C Painting for the principal amount of the delinquency, together with interest and damages on that amount, all in accordance with the CBA and ERISA;

(d) This Court enter an order compelling B&C Painting to specifically perform its obligations to pay liquidated damages on principal amounts it has paid late or may in the future pay late;

(e) This Court enter an order permanently compelling and enjoining B&C Painting to submit any and all future reports and payments in a timely fashion under the current or any subsequent CBA to which Plaintiff Painters and B&C Painting are or may become bound; and

(f) This Court enter its judgment and decree against B&C Painting for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.

/s/ James P. Faul
JAMES P. FAUL, No. 58799MO
4399 Laclede Avenue
Saint Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:    314-531-1131
jfaul@hghllc.net

Attorneys for Plaintiffs